IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY EDWARD SCHADEWITZ,<br><br>Defendant. | CR 20–48–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Zachary Edward Schadewitz's Motion for Early Termination of Supervision. (Doc. 101.) The United States takes no position on the Motion, and United States Probation reports that Mr. Schadewitz has done well on supervision. (*Id.* at 2.) The Motion will be granted.

## BACKGROUND

Mr. Schadewitz was sentenced to a term of 48 months incarceration and 4 years of supervised release after pleading guilty to possession with intent to distribute methamphetamine. (Docs. 44, 45, 61, 91.) Mr. Schadewitz's term of supervision began on April 20, 2023, and is scheduled to terminate on April 19, 2027. (Doc. 102 at 2.) To date, Mr. Schadewitz has served approximately 3.5 years of his 4-year term of supervised release. (*Id.*)

## DISCUSSION

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Schadewitz began his 4-year term of supervised release on April 20, 2023, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Schadewitz's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Schadewitz waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Schadewitz's supervised release is obviously favorable to him and the United States defers to the Court. (Doc. 101.) Accordingly, the Court will dispose of this matter without a hearing.

the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Schadewitz's remaining term of supervised release. Mr. Schadewitz attends AA meetings and events, has completed mental health and substance abuse outpatient treatment at Cedar Creek in Bozeman, and has maintained employment over the course of supervision. (Doc. 102 at 3–4.) Mr. Schadewitz recently became Assistant Manager at Kenyon Noble Lumber & Hardware in Bozeman. (*Id.*) He has secured stable housing and has demonstrated his ability to properly make prosocial decisions to help stay on the right path. (*Id.*) Aside from several violations in January 2025, Mr. Schadewitz has had no known instances of noncompliance and has done well on supervision. (*Id.*) The Court wishes him luck.

Accordingly, IT IS ORDERED that the motion (Doc. 101) is GRANTED.

IT IS FURTHER ORDERED that Mr. Schadewitz's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 2nd day of September, 2026.

Dana L. Christensen, District Judge
United States District Court